MICHAEL R. ESPOSITO, ESQ.
Nevada Bar No. 13482
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No.: 14874
SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
Tele: (702) 362-6666
Fax: (702) 362-2203
mesposito@sjwlawfirm.com
sgajardo@sjwlawfirm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RND CONSULTING, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>AHERN ENGINEERING, LLC, a Nevada Limited Liability Company; XTREME MANUFACTURING, LLC, a Nevada Limited Liability Company; XTREME CUBES CORPORATION, a Nevada Corporation;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

COMES NOW, RND CONSULTING, INC., ("Plaintiff"), by and through its counsel, Michael R. Esposito, Esq. and Sebastian F. Gajardo, Esq. of the law office of Schnitzer Johnson & Watson, Chtd., and hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff RnD Consulting, Inc. ("RnD" or "Plaintiff"), an Illinois corporation headquartered in Ohio, brings this action for breach of contract and related claims against Defendants Ahern Engineering, LLC Xtreme Manufacturing, LLC, and Xtreme Cubes

1

Corporation, each separate Nevada corporate entities, owned and operated under the umbrella of the Ahern Family of Companies (collectively, the "Ahern Entities" or "Defendants").

## PARTIES

2.  Plaintiff, RND CONSULTING, INC. ("RnD" or "Plaintiff") is and was, at all times relevant to the facts and circumstances concerning this matter, an Illinois Corporation with its principal place of business located in Cleveland, Ohio.

3.  Defendant, AHERN ENGINEERING, LLC ("Ahern") is and was, at all times relevant to the facts and circumstances concerning this matter, a Nevada limited-liability company licensed and conducting business in the State of Nevada.

4.  Defendant, XTREME MANUFACTURING, LLC ("XMfg") is and was, at all times relevant to the facts and circumstances concerning this matter, a Nevada limited-liability company licensed and conducting business in the State of Nevada.

5.  Defendant, XTREME CUBES CORPORATION ("XCubes") is and was, at all times relevant to the facts and circumstances concerning this matter, a Nevada corporation licensed and conducting business in the State of Nevada.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and because the Plaintiff and Defendants are citizens of different States.

7.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred, or a substantial part of the property that is the subject of this action is situated, within the jurisdiction of the United States District Court for the District of Nevada.

## GENERAL ALLEGATIONS

8.  RnD helps businesses identify, capture, and defend research and development tax credits for which they may be eligible.

9. On or about January 4, 2019, RnD entered into a Research and Development Activity Proposal with Defendant XMfg (the "XMfg Proposal") to provide its research and development tax credit services.

10. On or about June 4, 2019, RnD entered into a Research and Development Activity Proposal with Defendant XCubes (the "XCubes Proposal") to provide its research and development tax credit services.

11. Both the XMfg Proposal and XCubes Proposal (collectively, the "Proposals") contained the following provision:

**Responsibilities**

If Client does not allow RnD to perform its Work, defined in this Agreement, or fails to include the Project results on its originally filed tax returns for any project Year, Client will be obligated to pay RnD a fee for each such year that is the greater of the largest amount earned by RnD for prior Project Years or $3,000 will immediately pay the balance of any deferred payable.

12. Following the execution of the Proposals, RnD was hired to provide its research and development tax credit services (the "Services") for Defendants XMfg and XCubes and successfully identified available tax credits to reduce Defendants XMfg and XCubes' annual tax obligations as well as future tax liabilities resulting from unforeseen events.

13. On or about December 8, 2020, Defendant Ahern was formed and registered with the Nevada Secretary of State.

14. Defendant Ahern was formally spun off from Defendant XMfg in 2021.

15. At Ahern's request, RnD provided its Services to Defendant Ahern and successfully identified available tax credits to reduce Defendant Ahern's annual tax obligations as well as future tax liabilities resulting from unforeseen events.

16. On or about December 9, 2022, RnD issued an invoice (the "Invoice") to the Ahern Companies seeking outstanding payments for the Services.

17. The Ahern Companies failed to make any payment on the Invoice.

3

18. Plaintiff RnD has made numerous attempts to collect on the Invoice to no avail.

19. Accordingly, the Ahern Entities, and each of them, owe the balance of the Invoice along with a fee for each such year that is the greater of the largest amount earned by RnD for prior Project Years.

20. To date, Defendant XMfg owes RnD $359,770.00 for the period of 2020 to 2022, plus all applicable interest, attorney's fees, and costs.

21. To date, Defendant XCubes owes RnD $378,890.00 for the period of 2019 to 2022, plus all applicable interest, attorney's fees, and costs.

22. To date, Defendant Ahern owes RnD $128,796.00 for the period of 2021 to 2022, plus all applicable interest, attorney's fees, and costs.

### FIRST CAUSE OF ACTION

### Breach of Contract

23. Plaintiff restates and realleges the preceding paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

24. By Defendants' acceptance of the Proposals, Plaintiff and Defendants entered into agreements wherein Plaintiff agreed to provide Defendants with the Services in exchange for a monetary compensation as set forth in the Proposals.

25. Plaintiff fully performed under the Proposals by providing Defendants with the tax credit Services.

26. Defendants have breached the Proposals by failing to pay Plaintiff for the Services as reflected on the Invoice,

27. Defendants have further breached the Proposals by failing to pay the fees triggered by their failure to timely pay the Invoice, pursuant to the "Responsibilities" section of the Proposals.

28. Plaintiff has been damaged in excess of $867,456.00 as a direct and proximate cause of the Defendants' breaches.

29. As a result of Defendants' conduct, as described herein, it has been necessary for Plaintiff to retain the services of counsel to file this complaint. Accordingly, Plaintiff is entitled to its reasonable attorney fees, costs, and interest incurred herein.

## SECOND CAUSE OF ACTION

### Breach of the Duty of Good Faith and Fair Dealing

30. Plaintiff restates and realleges the preceding paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

31. The Proposals constitute valid and enforceable written contracts by and between Plaintiff and the Ahern Entities.

32. Implied in the Proposals are the obligations of good faith and fair dealing.

33. Defendants have acted in a manner unfaithful to the purpose of the Proposals by engaging in bad faith and unfair dealing, including but not limited to: (a) failing to pay for the Services rendered by Plaintiff in the amounts listed on the Invoice; failing to communicate with the Plaintiff regarding the Services as anticipated under the Proposals; and (c) failing to pay the fees triggered by their failure to timely pay the Invoice, pursuant to the "Responsibilities" section of the Proposals.

34. Defendants' violations of the implied covenant of good faith and fair dealing have caused and continue to cause Plaintiffs to suffer damages in excess of $867,456.00.

35. As a result of Defendants' conduct, as described herein, it has been necessary for Plaintiff to retain the services of counsel to file this complaint. Accordingly, Plaintiff is entitled to its reasonable attorney fees, costs, and interest incurred herein.

## THIRD CAUSE OF ACTION

### Unjust Enrichment/Quantum Meruit

36. Plaintiff restates and realleges the preceding paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

37. Plaintiff conferred a benefit on Defendants by providing the Services to the Ahern Entities.

38. Defendants knowingly retained and appreciated the benefit of the Services under circumstances where it would be unjust to do so without compensation to Plaintiff.

39. Plaintiff has suffered damages in excess of $867,456.00 as a result of Defendants unlawful conduct.

40. As a result of Defendants' conduct, as described herein, it has been necessary for Plaintiff to retain the services of counsel to file this complaint. Accordingly, Plaintiff is entitled to its reasonable attorney fees, costs, and interest incurred herein.

## FOURTH CAUSE OF ACTION

### Declaratory Relief Pursuant to 28 U.S.C. § 2201, et seq.

41. Plaintiff restates and realleges the preceding paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

42. An actual and justiciable controversy exists here with respect to Defendants' failure to pay for the Services rendered by Plaintiff in the amounts listed on the Invoice and failure to pay the fees triggered by their failure to timely pay the Invoice, pursuant to the "Responsibilities" section of the Proposals.

43. This controversy is ripe for adjudication because the Ahern Entities have repudiated their contractual obligations and failed to pay Plaintiff for the Services rendered or pay the fees triggered by their failure to timely pay the Invoice, pursuant to the "Responsibilities" section of the Proposals.

44. Thus, a judicial determination is necessary and appropriate to declare the parties' respective legal rights in this matter.

45. As a result of Defendants' conduct, as described herein, it has been necessary for Plaintiff to retain the services of counsel to file this complaint. Accordingly, Plaintiff is entitled to its reasonable attorney fees, costs, and interest incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RND CONSULTING, INC., prays for judgment in its favor and against Defendants as follows:

1. For Damages in Excess of $867,456.00;

2. For an award of reasonable attorneys' fees;

3. For an award of costs incurred by Plaintiff in bringing this action;

4. For an award of prejudgment interest; and

5. For such other and further relief as the Court may deem just and equitable under the circumstances.

DATED this 12th date of April 2024.

                                **SCHNITZER JOHNSON & WATSON, CHTD.**

                                */s/ Michael R. Esposito*
MICHAEL R. ESPOSITO, ESQ.
Nevada Bar No. 13482
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No.: 14874
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
*Attorneys for Plaintiff*