D. Lee Roberts, Jr., Esq.
Nevada Bar No. 8877
*lroberts@wwhgd.com*
Stephanie J. Glantz, Esq.
Nevada Bar No. 14878
*sglantz@wwhgd.com*
Hayley J. Cummings, Esq.
Nevada Bar No. 14858
*hcummings@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

*Attorneys for Defendants Ahern Engineering, LLC,
Xtreme Manufacturing, LLC, and Xtreme Cubes Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RND CONSULTING, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AHERN ENGINEERING, LLC, a Nevada Limited Liability Company; XTREME MANUFACTURING, LLC, a Nevada Limited Liability Company; XTREME CUBES CORPORATION, a Nevada Corporation,<br><br>Defendants. | Case No.:   2:24-cv-00713-CDS-MDC<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and among RnD Consulting, Inc., and Ahern Engineering, LLC; Xtreme Manufacturing, LLC; and Xtreme Cubes Corporation (collectively, the "Parties"), through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate and agree as follows:

1. **Definitions.** In this Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding, *RND Consulting, Inc. v. Ahern Engineering, LLC, et al.*, Case Number :24-cv-00713-CDS-MDC, currently pending in the United States District Court, District of Nevada.

b. "Court" means any judge to which this Proceeding may be assigned, including Court and administrative staff participating in such proceedings.

c. "Confidential Information" means any Information contained within Confidential Materials that (i) has not been made public and cannot be ascertained from an inspection of publicly available documents, material, or other devices; (ii) constitute highly sensitive personal or business information; (iii) the Designating Party maintains in confidence; (iv) the Designating Party believes in good faith that such information is entitled to confidential treatment; (v) the Designating Party believes in good faith that the unprotected disclosure might reasonably result in economic or competitive injury and/or harm to or invasion of privacy rights of the Designating Party.

d. "Highly Confidential Information" means any Confidential Information that also includes (a) extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, private, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive, business, or personal injury to the Designating Party, and/or (b) non-public documents or information reflecting the substance of conduct or communications that are the subject of then ongoing state, federal, or foreign government investigations.

e. "Confidential Materials" means any and all documents, Testimony, materials, items, and things produced, disclosed, or otherwise revealed in this case, containing "Confidential Information" or "Highly Confidential Information" and designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

f. "Designating Party" means the Party that designates Confidential Materials.

g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge,

give, or make available Materials, or any part thereof, or any information contained therein.

h. "Information" means the content of documents, Testimony, materials, items, and things produced, disclosed, or otherwise revealed in this case.

i. "Producing Party" means a party that Discloses documents, materials, items, and/or things produced, disclosed, or otherwise revealed in this case. A Producing Party may also be a Designating Party.

j. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. **Right to Designate Confidential Materials and Exercise of Care.** Any Producing Party shall have the right to designate as "Confidential" or "Highly Confidential" any Confidential Materials that the Designating Party in good faith believes to meet the definition of "Confidential Information" or "Highly Confidential Information." However, the Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standard. Indiscriminate designations are prohibited.

3. **Designating Confidential Materials.** Any Confidential Materials must be clearly so designated before the Confidential Materials are Disclosed or produced. Confidential Materials must state "Confidential" or "Highly Confidential" at the bottom of each page of the Confidential Materials. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing

Confidential Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.

   b. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs, flash drives, or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

  4. **Inadvertent Failure to Designate.** The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Confidential Materials at any time without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.

  If any Confidential Materials that are subject to a "Confidential" or "Highly Confidential" designation are inadvertently produced without such designation, the Party that inadvertently produced the Confidential Information shall give written notice of such inadvertent production (the "Inadvertent Production Notice"). The Party that inadvertently produced the document shall furnish an additional copy of the Confidential Materials with the appropriate "Confidential" or "Highly Confidential" designation within a reasonable time after giving the Inadvertent Production Notice. During the time before which the additional copy of the Confidential Materials with the appropriate "Confidential" or "Highly Confidential" designation is furnished, but after receipt of the Inadvertent Production Notice, all parties shall treat the inadvertent production as Confidential Materials. Upon receipt of the appropriately designated Confidential Materials, the Party that received the inadvertently produced Confidential Information shall promptly destroy the inadvertently produced Confidential Information and all copies thereof, or, at the expense of the producing Party, return such

together with all copies of such Confidential Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" designated Confidential Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of the appropriately designated Confidential Materials. This provision is not intended to apply to any inadvertent production of any Confidential Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of privileged materials, such law shall govern.

5. **Challenges to "Confidential" or "Highly Confidential" Designation.** If counsel for a Party receiving Confidential Materials objects to the "Confidential" or "Highly Confidential" designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Confidential Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Confidential Materials pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Confidential Materials addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Confidential Materials at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Confidential Materials shall be de-designated in accordance with the Designation Objection applicable to such material.

6. **Qualified Persons to Receive Confidential Materials designated as "Confidential".** Access to and/or Disclosure of Confidential Materials designated as

"Confidential" shall be permitted only to the following "Qualified Persons":

    a.    the Parties, including their officers, directors, and employees deemed necessary by counsel to aid in this action;

    b.    the Court;

    c.    counsel for a party, including: (1) attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are not employees of any Party; (2) in-house counsel to the Parties and the paralegal, clerical and secretarial staff employed by such counsel.

    d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e.    Mediators, arbitrators, or discovery masters retained by the Parties or assigned by the Court, and their direct support personnel;

    f.    outside photocopying or litigation support services, including e-discovery vendors, contract attorneys, trial/jury consultants, as necessary for use in connection with the Proceedings;

    g.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing or disclosed to the other parties in the Proceedings;

    h.    any person who is the author, addressee, or recipient of the Confidential Information, or, in the case of meeting minutes, and attendee of the meeting listed in the minutes; and

    i.    any other person by mutual agreement of the Parties, provided that the person has been provided with a copy of this Protective Order, agrees to be bound by its terms, and has signed the form provided as Exhibit A hereto reflecting such agreement. Before being given access to any Confidential Materials, each Qualified Person encompassed by this paragraph shall be provided by counsel with a copy of this Protective Order and shall sign the Confidentiality Agreement, attached hereto as Exhibit A. The Confidentiality Agreement states that the person receiving Confidential Materials ("Recipient") has read this Protective Order

1  and agrees to be bound by its terms.  All signed "Exhibit A" Confidentiality Agreements must
2  be maintained throughout this action by the attorneys obtaining them.  It shall be the obligation
3  of counsel, upon learning of any breach or threatened breach of this Protective Order to
4  promptly notify counsel for the Designating Party of such breach or threatened breach.

5  7.  **Qualified Persons to Receive Confidential Materials designated as "Highly
6  Confidential".**  Access to and/or Disclosure of Confidential Materials designated as "Highly
7  Confidential" shall be permitted only to the Court and the persons listed in subsections (b) to (i)
8  of Section 6 above, but shall not be disclosed to a Party, or an employee of a Party unless
9  otherwise agreed in writing by the Parties or ordered by the Court. With respect to sub-section
10 (h), the parties will consider disclosure of Highly Confidential Information to an author or
11 recipient on a case by case basis. Any person to who Highly Confidential Information is
12 disclosed pursuant to sub-sections (f), (g), or (i) of Section 6 above shall also be required to
13 execute a copy of the form Exhibit A.

14 8.  **Redaction.**  Any Producing Party may redact from the documents or things it
15 produces matters that the Producing Party reasonably claims in good faith is subject to the
16 attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or
17 any other privilege from disclosure.  A Producing Party may also redact information that is
18 both personal and non-responsive, such as a social security number.  A Producing Party may
19 not withhold non-privileged, responsive information solely on the grounds that such
20 information is contained in a document that includes this type of information.  The Producing
21 Party shall mark each redaction with a legend stating "REDACTED" and, if not readily
22 ascertainable from unredacted portions of the document itself, include an annotation indicating
23 the specific reasons for the redaction (*e.g.* "REDACTED – ATTORNEY-CLIENT
24 PRIVILEGE").  All documents redacted for a privilege or work product doctrine shall be listed
25 in an appropriate log in conformity with applicable law.  The Producing Party shall preserve an
26 unredacted version of such document.

27 8.  **Filing of Confidential Materials with the Court.**  Any Confidential Materials
28 filed with the Court in any pleading, motion, brief, or memorandum shall be filed and

1 maintained under seal (or in redacted form) in compliance with LR IA 10-5, and any other
2 applicable law or rule. The party filing such Confidential Materials shall concurrently file with
3 such pleading, motion, brief, or memorandum a Motion to Seal (or Redact). The Court shall
4 determine what, if any, portions of the filing shall remain under seal.

5       9.   **Use of Confidential Materials Limited to this Proceeding.** Confidential
6 Materials shall be used by the persons receiving them only for the purposes of preparing for,
7 conducting, participating in the conduct of, and/or prosecuting and/or defending the
8 Proceeding. This is not to exclude any appeals or subsequent actions arising from this same
9 Proceeding, including to enforce the judgment.

10       Confidential Materials shall not be used for any business, competitive, or other purpose,
11 and shall not be disclosed to any person or entity except as provided herein.

12       10.  **Protection of Confidential Materials.** Except to the extent otherwise
13 permitted by this Protective Order, each and every Qualified Person who has access to
14 Confidential Information subject to this Protective Order shall take all due precautions to
15 maintain the confidentiality of all such materials and shall prevent the unauthorized or
16 inadvertent disclosure of the material. If, after execution of this Protective Order, any
17 Confidential Materials submitted by a Designating Party under the terms of this Protective
18 Order is Disclosed by a non-Designating Party to any person other than in the manner
19 authorized by this Protective Order, the non-Designating Party responsible for the Disclosure
20 shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the
21 immediate attention of the Designating Party.

22       11.  **Copies, Summaries, or Abstracts.** Any Qualified Person having access to
23 material or information designated as confidential under this Protective Order, to the extent
24 copies, duplicates, extracts, summaries, notes, abstracts, or descriptions of the materials or
25 information of any portion thereof, are created, shall treat any and all such copies, duplicates,
26 extracts, summaries, notes, abstracts, or descriptions of the materials or information of any
27 portion thereof, as confidential and all provisions of this Protective Order shall apply equally to
28 such materials so created, in the same manner and to the same extent as are materials

designated as confidential by any Designating Party.

12. **Modification.** Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order.

13. **Reservation of Rights.** Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. operate as an admission by any person that any Confidential Material contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information or is entitled to be filed under seal; or

    b. alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

    c. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order);

        i. to seek a determination by the Court of whether any Confidential Material should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any Document, Material or Information.

14. **Third-Party Confidential Materials.** Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and

effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such Producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

15. **Other Actions and Proceedings.** If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. **No Waiver.** This Protective Order is entered into solely for the purpose of facilitating the exchange of documents and information among the parties to this Proceeding. Nothing in this Protective Order shall affect the ability to challenge the admissibility or authenticity of Confidential Materials at trial, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

18. **Claw Back**. In accordance with Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privilege and/or protected information before production.

19. **Duration.** This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order, as permitted herein.

Further, each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court for purposes of this Protective Order, and this Court shall not be divested of jurisdiction over any Qualified Person or Designating Party or over the subject matter of this Protective Order by the conclusion of this Proceedings, or by the filing of a notice of appeal, or any other pleading which would have the effect of divesting this Court of jurisdiction over the matter generally.

Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, each pleading filed with the Court and each deposition together with the exhibits marked at the deposition), or (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials.

20. **Execution in Counterparts.** Any Party to the Proceeding who has not executed

1  this Protective Order as of the time it is presented to the Court for signature may thereafter
2  become a Party to this Protective Order by its counsel's signing and dating a copy thereof and
3  filing the same with the Court, and serving copies of such signed and dated copy upon the other
4  Parties to this Protective Order.

5        21.    After this Protective Order has been signed by counsel for all Parties, it shall be
6  presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with
7  regard to any Confidential Materials that have been produced before the Court signs this
8  Protective Order.  It is the Parties' intent to be bound by the terms of this Protective Order
9  pending its entry so as to allow for immediate production of Confidential Materials under the
10 terms herein. This Protective Order may be executed in counterparts.

DATED this 7th day of October, 2024.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

By: */s/ Stephanie J. Glantz*
    D. Lee Roberts, Jr.
    Stephanie J. Glantz
    Hayley J. Cummings
    6385 South Rainbow Blvd., Suite 400
    Las Vegas, Nevada 89118
    Telephone: (702) 938-3838
    *Attorneys for Defendants Ahern Engineering, LLC, Xtreme Manufacturing, LLC, and Xtreme Cubes Corporation*

DATED this 7th day of October, 2024.

SCHNITZER JOHNSON & WATSON, CHTD.

By:*/s/ Michael R. Esposito*
    Michael R. Esposito, Esq.
    Sebastian F. Gajardo, Esq.
    8985 S. Eastern Ave., Suite 200
    Las Vegas, NV 89123
    (702) 362-6666
    *Attorneys for Plaintiff*

**IT IS SO ORDERED.**

_____
United States Magistrate Judge
Dated: 10/9/24

# EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

I, _____, do hereby acknowledge and agree under penalty of perjury, as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") entered in *RND Consulting, Inc. v. Ahern Engineering, LLC, et al., Case Number :24-cv-00713-CDS-MDC,* currently pending in the United States District Court, District of Nevada, on the ____ date of _____, 20____, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada, so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this Protective Order, I will be eligible to receive Confidential Materials in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED:_____        _____
                                     (Signature)

                                     _____
                                     (Printed Name)

                                     _____
                                     (Address)