D. Lee Roberts, Jr., Esq.
Nevada Bar No. 8877
*lroberts@wwhgd.com*
Stephanie J. Glantz, Esq.
Nevada Bar No. 14878
*sglantz@wwhgd.com*
Hayley J. Cummings, Esq.
Nevada Bar No. 14858
*hcummings@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
Telephone:  (702) 938-3838
Facsimile:   (702) 938-3864

*Attorneys for Defendants Ahern Engineering, LLC,
Xtreme Manufacturing, LLC, and Xtreme Cubes Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RND CONSULTING, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AHERN ENGINEERING, LLC, a Nevada Limited Liability Company; XTREME MANUFACTURING, LLC, a Nevada Limited Liability Company; XTREME CUBES CORPORATION, a Nevada Corporation,<br><br>Defendants. | Case No.:    2:24-cv-00713-CDS-MDC<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY**<br><br>**(Second Request)** |

Plaintiff RnD Consulting, Inc. ("Plaintiff"), and Defendants Ahern Engineering, LLC; Xtreme Manufacturing, LLC; and Xtreme Cubes Corporation ("Defendants") (collectively, the "Parties"), through their respective counsel of record, request an order modifying the Parties' Joint Discovery Plan and Scheduling Order (ECF No. 15) and prior Order extending discovery (ECF No. 21), by adding an additional 90-days to the current discovery timeline. This is the second stipulation to extend discovery. Good cause exists to extend discovery as set forth below.  Further, excusable neglect exists to extend the initial expert disclosure deadline, as further set forth below.

In compliance with LR IA 6-1 and LR 26-3, the Parties submit as follows:

## I.   STATEMENT OF DISCOVERY COMPLETED TO DATE.

- The Parties held a scheduling conference on June 11, 2024.
- On June 26, 2024, Defendants served their initial disclosures.
- On July 22, 2024, Plaintiff served its initial disclosures.
- On August 29, 2024, Defendants served their First Set of Requests for Production of Documents to Plaintiff.
- On August 29, 2024, Defendant Xtreme Manufacturing, LLC served its First Set of Interrogatories to Plaintiff.
- On October 14, 2024, Plaintiff served responses to Defendants' First Set of Requests for Production of Documents to Plaintiff.
- On October 14, 2024, Plaintiff served responses to Defendant Xtreme Manufacturing, LLC's First Set of Interrogatories to Plaintiff.
- On October 23, 2024, Plaintiff served its first supplemental responses to Defendant Xtreme Manufacturing, LLC's First Set of Interrogatories to Plaintiff.

## II.  SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED.

Plaintiff anticipates serving written discovery to Defendants and further responding to the first set of discovery served to it by Defendants. Importantly, while Plaintiff has served initial responses to Defendants' written discovery, the process of gathering and collecting responsive documents has taken more time than initially anticipated. Defendants anticipate serving further written discovery upon obtaining initial documents and information. The parties additionally anticipate taking depositions of fact witnesses disclosed via the Parties' initial disclosures, as well as any additional fact witnesses discovered within requested documents. Thereafter, the parties intend to disclose experts and potentially take depositions of any such experts.

## III. DISCOVERY REMAINING CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET FORTH BY THE DISCOVERY PLAN.

To date, the parties have focused their efforts on resolution discussions, rather than factual

discovery in this matter. To that end, the Parties believe that it would be most efficient, if resolution efforts fail, to pursue additional fact discovery before turning to expert discovery. While Defendants have served written discovery, and Plaintiff served initial responses, it has taken Plaintiff more time than initially anticipated to gather and collect all responsive documents to Defendants' requests for production. Because further discovery is contingent on the production and review of such documents, it has made it impossible for the parties to achieve additional factual discovery prior to the expert disclosure deadlines. Further, the parties anticipate difficulty in scheduling depositions due to the schedules of fact witnesses and desire to accommodate those schedules.

### IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

The Parties propose a 90-day extension to remaining discovery deadlines. The proposed schedule is as follows:

| Deadline | Current Deadline | New Deadline |
|---|---|---|
| **Expert Disclosures** | November 8, 2024 | February 7, 2025 |
| **Rebuttal Disclosures** | December 9, 2024 | March 10, 2025 |
| **Close of Discovery** | January 8, 2025 | April 9, 2025 |
| **Dispositive Motions** | February 7, 2025 | May 9, 2025 |

If dispositive motions are filed, the joint pre-trial order shall be due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court. *See* LR 26-1(b)(5).

### V. GOOD CAUSE EXISTS TO EXTEND THE TIME TO COMPLETE DISCOVERY. FURTHER, EXCUSABLE NEGLECT EXISTS WARRANTING AN EXTENSION OF TIME TO MAKE INITIAL EXPERT DISCLOSURES.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (noting that a district court possesses "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). The Court considers various factors in deciding whether a stay is appropriate. *CMAX*, 300 F.2d at 268.

The parties have been diligent in discussions with each other and attempting to evaluate

1  potential resolution of the matter prior to expending resources on litigation and needlessly
2  expending the court's resources in pursuing the same. Those discussions have been fruitful and
3  resulted in a mutual decision to pursue a settlement conference in this matter. The parties have
4  focused their efforts on these discussions, rather than factual discovery in this matter. To that end,
5  the Parties believe that it would be most efficient, if resolution efforts fail, to pursue additional fact
6  discovery before turning to expert discovery.

7  Further, while the parties have engaged in written discovery, it has taken Plaintiff
8  additional time to identify and produce responsive documents to Defendants' Requests for
9  Production of Documents. Further, the Parties desire to continue working together in good faith to
10 facilitate the discovery process, rather than seeking court intervention to enforce it, which has
11 required additional time.

12 As to the expert disclosure deadline, specifically, Plaintiff did not anticipate the time
13 needed to identify and locate responsive documents, and the parties recognized such after the 21-
14 day deadline set forth in LR 26-3.

15 Based on the foregoing, despite the Parties' diligence, discovery cannot reasonably be
16 completed within the existing deadlines, and good cause to extend discovery deadlines exists,
17 along with excusable neglect as to the initial expert disclosure deadline.

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  This proposed Stipulation and Order to extend deadlines for discovery is made in good
2 faith, with good cause, and not for purposes of unduly delaying discovery or trial. Therefore, the
3 Parties respectfully request that this Court grant the requested discovery extension.

DATED this 24th day of October, 2024.        DATED this 24th day of October, 2024.

WEINBERG, WHEELER, HUDGINS,            SCHNITZER JOHNSON & WATSON, CHTD.
GUNN & DIAL, LLC

By: */s/ Stephanie J. Glantz*            By: */s/ Michael R. Esposito (w/ permission)*
   D. Lee Roberts, Jr.                    Michael R. Esposito, Esq.
   Stephanie J. Glantz                    Sebastian F. Gajardo, Esq.
   Hayley J. Cummings                    8985 S. Eastern Ave., Suite 200
   6385 South Rainbow Blvd., Suite 400        Las Vegas, NV 89123
   Las Vegas, Nevada 89118                (702) 362-6666
   Telephone: (702) 938-3838                *Attorneys for Plaintiff*
   *Attorneys for Defendants Ahern*
   *Engineering, LLC, Xtreme*
   *Manufacturing, LLC, and Xtreme Cubes*
   *Corporation*

## **ORDER**

Any future extensions will require the parties to show that they have completed a substantial amount of discovery.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 10/28/2024