D. Lee Roberts, Jr., Esq.
Nevada Bar No. 8877
*lroberts@wwhgd.com*
Stephanie J. Glantz, Esq.
Nevada Bar No. 14878
*sglantz@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

*Attorneys for Defendants Ahern Engineering, LLC,
Xtreme Manufacturing, LLC, and Xtreme Cubes Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RND CONSULTING, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AHERN ENGINEERING, LLC, a Nevada Limited Liability Company; XTREME MANUFACTURING, LLC, a Nevada Limited Liability Company; XTREME CUBES CORPORATION, a Nevada Corporation,<br><br>Defendants. | Case No.: 2:24-cv-00713-CDS-MDC<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY**<br><br>**(Fourth Request)** |

Plaintiff RnD Consulting, Inc. ("Plaintiff"), and Defendants Ahern Engineering, LLC; Xtreme Manufacturing, LLC; and Xtreme Cubes Corporation ("Defendants") (collectively, the "Parties"), through their respective counsel of record, request an order modifying the Parties' Joint Discovery Plan and Scheduling Order (ECF No. 15) and prior Orders extending discovery (ECF Nos. 21, 25, and 30), by adding an additional 60-days to the current discovery timeline. The Parties concurrently submit this fourth stipulation to extend discovery with the Parties' joint motion requesting a settlement conference pursuant to LR 16-5. *See* ECF No. 32. Good cause exists to extend discovery as set forth below. Further, excusable neglect exists to extend the initial expert disclosure deadline, as further set forth below.

1   In compliance with LR IA 6-1 and LR 26-3, the Parties submit as follows:

2   **I.     STATEMENT OF DISCOVERY COMPLETED TO DATE.**

3   - The Parties held a scheduling conference on June 11, 2024.
4   - On June 26, 2024, Defendants served their initial disclosures.
5   - On July 22, 2024, Plaintiff served its initial disclosures.
6,7 - On August 29, 2024, Defendants served their First Set of Requests for Production of Documents to Plaintiff.
8,9 - On August 29, 2024, Defendant Xtreme Manufacturing, LLC served its First Set of Interrogatories to Plaintiff.
10,11 - On October 14, 2024, Plaintiff served responses to Defendants' First Set of Requests for Production of Documents to Plaintiff.
12,13 - On October 14, 2024, Plaintiff served responses to Defendant Xtreme Manufacturing, LLC's First Set of Interrogatories to Plaintiff.
14,15 - On October 23, 2024, Plaintiff served its first supplemental responses to Defendant Xtreme Manufacturing, LLC's First Set of Interrogatories to Plaintiff.
16,17 - On November 14, 2024, Plaintiff served its First Supplemental List of Witnesses and Documents Pursuant to FRCP 26(a).
18,19,20 - On November 14, 2024, Plaintiff served its First Supplemental Response to Defendants Ahern Engineering, LLC, Xtreme Manufacturing, LLC, AND Xtreme Cubes Corporation First Request for Production Of Documents.
21,22 - On February 3, 2025, Plaintiff served its First Set of Requests for Admissions to Defendant Xtreme Manufacturing, LLC.
23,24 - On February 3, 2025, Plaintiff served its First Set of Requests for Admissions to Defendant Xtreme Cubes Corporation.
25,26 - On February 3, 2025, Plaintiff served its First Set of Requests for Admissions to Defendant Ahern Engineering, LLC.
27,28 - On February 3, 2025, Plaintiff served its First Set of Requests for Production of Documents to Defendant Xtreme Manufacturing, LLC.

1  • On February 3, 2025, Plaintiff served its First Set of Requests for Production of Documents
2    to Defendant Ahern Engineering, LLC.
3  • On February 3, 2025, Plaintiff served its First Set of Requests for Production of Documents
4    to Defendant Xtreme Cubes Corporation.
5  • On February 3, 2025, Plaintiff served its First Set of Interrogatories to Defendant Xtreme
6    Manufacturing, LLC.
7  • On February 3, 2025, Plaintiff served its First Set of Interrogatories to Defendant Xtreme
8    Cubes Corporation.
9  • On February 3, 2025, Plaintiff served its First Set of Interrogatories to Defendant Ahern
10   Engineering, LLC.
11 • On February 12, 2025, Plaintiff served its Second Supplemental Disclosures.
12 • On February 12, 2025, Plaintiff served its Privilege Log
13 • On April 4, 2025, Defendant Ahern Engineering, LLC served its Reponses to Plaintiff's
14   First Set of Requests for Admission.
15 • On April 4, 2025, Defendant Xtreme Cubes Corporation served its Reponses to Plaintiff's
16   First Set of Requests for Admission.
17 • On April 4, 2025, Defendant Xtreme Manufacturing, LLC served its Reponses to Plaintiff's
18   First Set of Requests for Admission.
19 • On April 4, 2025, Defendant Ahern Engineering, LLC served its Reponses to Plaintiff's
20   First Set of Requests for Production of Documents.
21 • On April 4, 2025, Defendant Xtreme Cubes Corporation served its Reponses to Plaintiff's
22   First Set of Requests for Production of Documents.
23 • On April 4, 2025, Defendant Xtreme Manufacturing, LLC served its Reponses to Plaintiff's
24   First Set of Requests for Production of Documents.
25 • On April 4, 2025, Defendant Ahern Engineering, LLC served its Reponses to Plaintiff's
26   First Set of Interrogatories.
27 • On April 4, 2025, Defendant Xtreme Cubes Corporation served its Reponses to Plaintiff's
28   First Set of Interrogatories.

1  - On April 4, 2025, Defendant Xtreme Manufacturing, LLC served its Reponses to Plaintiff's
2    First Set of Interrogatories.
3  - On April 4, 2025, Defendants Ahern Engineering, LLC, Xtreme Manufacturing, LLC, and
4    Xtreme Cubes Corporation served their First Supplement to Initial Disclosure Pursuant to
5    FRCP 26(a).
6  - On April 4, 2025, Defendants Ahern Engineering, LLC, Xtreme Manufacturing, LLC, and
7    Xtreme Cubes Corporation served their First Supplement to their Initial Disclosure
8    Privilege Log.
9  - On April 16, 2025, Defendants Ahern Engineering, LLC, Xtreme Manufacturing, LLC,
10   and Xtreme Cubes Corporation served their Second Supplement to Initial Disclosure
11   Pursuant to FRCP 26(a).

## II. SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED.

Both parties anticipate serving additional written discovery to each other based on the initial documents and information obtained should resolution efforts fail. The parties additionally anticipate taking depositions of fact witnesses disclosed via the Parties' initial disclosures, as well as any additional fact witnesses discovered within requested documents. Thereafter, the parties intend to disclose experts and potentially take depositions of any such experts.

## III. DISCOVERY REMAINING CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET FORTH BY THE DISCOVERY PLAN.

To date, the parties have focused their efforts on resolution discussions, rather than factual discovery in this matter. *See* ECF No. 26 (setting forth the Parties' *Joint Motion Requesting a Settlement Conference Pursuant to Local Rule 16-5*). To that end, the Parties believe that it would be most efficient, if resolution efforts fail, to pursue additional fact discovery before turning to expert discovery. While Plaintiffs have served written discovery, Defendants need not respond or produce documents prior to the expert disclosure deadline because further discovery is contingent on the production and review of such documents, it has made it impossible for the parties to achieve additional factual discovery prior to the expert disclosure deadlines. Further, the parties anticipate

difficulty in scheduling depositions due to the schedules of fact witnesses and desire to accommodate those schedules.

In addition, and concurrent with this stipulation, the Parties have requested a settlement conference to assist with their resolution discussions. *See* ECF No. 26. The Parties anticipate that the same cannot be set prior to the expiration of several current deadlines and would prefer to allocate resources to those resolution efforts, rather than discovery within the case. *See id.*

### IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

The Parties propose a 60-day extension to remaining discovery deadlines from the latest proposed settlement conference dates. *See* ECF No. 32. Should this Court deny the motion for settlement conference, the Parties anticipate attending a private mediation on one of the same proposed dates. The proposed schedule is as follows:

| Deadline | Current Deadline | New Deadline |
|---|---|---|
| **Expert Disclosures** | May 8, 2025 | August 19, 2025 |
| **Rebuttal Disclosures** | June 8, 2025 | September 19, 2025 |
| **Close of Discovery** | July 8, 2025 | October 20, 2025 |
| **Dispositive Motions** | August 7, 2025 | November 20, 2025 |

If dispositive motions are filed, the joint pre-trial order shall be due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court. *See* LR 26-1(b)(5).

### V. GOOD CAUSE EXISTS TO EXTEND THE TIME TO COMPLETE DISCOVERY. FURTHER, EXCUSABLE NEGLECT EXISTS WARRANTING AN EXTENSION OF TIME TO MAKE INITIAL EXPERT DISCLOSURES.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (noting that a district court possesses "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). The Court considers various factors in deciding whether a stay is appropriate. *CMAX*, 300 F.2d at 268.

The parties have been diligent in discussions with each other and attempting to evaluate potential resolution of the matter prior to expending resources on litigation and needlessly

1  expending the court's resources in pursuing the same. *See* ECF No. 26, *see* ECF No. 32. Those
2  discussions have been fruitful and resulted in a mutual decision to request a settlement conference
3  and/or a mediation in accordance with Local Rule 16-5. *Id.* The Parties have continued to focus
4  their efforts on these discussions, rather than factual discovery in this matter. To that end, the
5  Parties have again requested the court's assistance in resolution efforts by way of a settlement
6  conference and/or mediation concurrent with the submission of this Stipulation. *Id.* The Parties
7  believe that it would be most efficient, if resolution efforts fail, to pursue additional fact discovery
8  before turning to expert discovery.

9  Further, while the parties have engaged in written discovery, Plaintiff has produced
10 responsive documents to Defendants' Requests for Production of Documents and Defendants have
11 also produced responsive documents to Plaintiff's discovery requests; however, the Parties require
12 additional time to continue to review and produce responsive documents. The Parties also desire
13 to continue working together in good faith to facilitate the discovery process, rather than seeking
14 court intervention to enforce it, which has required additional time.

15 As to the expert disclosure deadline, specifically, the Parties mutually made the decision
16 to repursue a settlement conference with this Court after the 21-day deadline set forth in LR 26-3.
17 The Parties' additional joint request for a settlement conference and/or medication pursuant to LR
18 16-5 further supports a finding of excusable neglect. *See* ECF No. 32.

19 Based on the foregoing, despite the Parties' diligence, discovery cannot reasonably be
20 completed within the existing deadlines, and good cause to extend discovery deadlines exists,
21 along with excusable neglect as to the initial expert disclosure deadline.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

This proposed Stipulation and Order to extend deadlines for discovery is made in good faith, with good cause, and not for purposes of unduly delaying discovery or trial. Therefore, the Parties respectfully request that this Court grant the requested discovery extension.

DATED this 6th day of May, 2025.                    DATED this 6th day of May, 2025.

WEINBERG, WHEELER, HUDGINS,                         SCHNITZER JOHNSON & WATSON, CHTD.
GUNN & DIAL, LLC


By: */s/ Stephanie J. Glantz*                       By: */s/ Sebastian F. Gajardo (w/ permission)*
    D. Lee Roberts, Jr.                              Michael R. Esposito, Esq.
    Stephanie J. Glantz                              Sebastian F. Gajardo, Esq.
    6385 South Rainbow Blvd., Suite 400              8985 S. Eastern Ave., Suite 200
    Las Vegas, Nevada 89118                          Las Vegas, NV 89123
    Telephone: (702) 938-3838                        (702) 362-6666
    *Attorneys for Defendants Ahern*                 *Attorneys for Plaintiff*
    *Engineering, LLC, Xtreme*
    *Manufacturing, LLC, and Xtreme Cubes*
    *Corporation*

**ORDER**

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 5/8/2025